# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,      Case No. 17-cr-20184

v.                               Judith E. Levy
                               United States District Judge

D-1 Corey Toney,
D-2 Edward Tavorn,        Mag. Judge Mona K. Majzoub
D-3 Andre Chattam,
D-4 Kevin Pearson,
D-5 Sontez Wells,

        Defendants.

_____/

## ORDER DESIGNATING CASE AS COMPLEX

On May 10, 2017, a grand jury returned a superseding indictment against the above-named defendants, charging them with a number of violations of federal law committed while they were members of a street gang, the "Young and Scandalous." (Dkt. 28.)

The indictment charges defendants Toney, Tavorn, Chattam, and Pearson with RICO conspiracy, 18 U.S.C. § 1962(d). Defendants Chattam, Pearson, and Wells are charged with murder in aid of racketeering, 18 U.S.C. §§ 1959(a)(1), (2), and with the use and carry of

a firearm during and in relation to a crime of violence causing death, 18 U.S.C. §§ 924(c), 924(j). Defendant Toney is also charged with possession with intent to distribute a controlled substance (cocaine), 18 U.S.C. § 841(a)(1), and defendant Tavorn in charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Dkt. 28.)

At this stage, defendants Chattam, Pearson, and Wells are death-eligible and have obtained second, learned counsel. Further, due to the volume of discovery and extent to which discovery may be relevant to more than one defendant in this case, the Court has appointed a discovery coordinator. (Dkt. 76.)

A case may be designated as complex in accordance with the CJA Guidelines for purposes of authorizing excess or interim compensation. Although death-eligible cases are not subject to case compensation maximums, out of an abundance of caution and to ensure counsel in this case receive appropriate compensation and interim payments, the Court will consider whether this case is complex as set forth in § 230.23.40 of the CJA Guidelines. Pursuant to this section, a case may be deemed "complex" if the "legal or factual issues . . . are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer

than would normally be required in an average case." CJA Guidelines, § 230.23.40(b); *see also United States v. Ledbetter*, 107 F. Supp. 3d 849, 854 (S.D. Ohio 2015).

In this case, as set forth above, the Court has already been apprised of the volume of discovery anticipated in this case—tens of thousands of pages—and appointed a discovery coordinator. The indictment also alleges that the racketeering conspiracy began no later than 2005, and includes twenty-two overt acts.

Given the amount of discovery that must be produced and time required to review it by all parties and counsel in this case, the high number of overt acts charged with respect to the RICO conspiracy, and the fact that three defendants are death-eligible and the other two must proceed in this case with them, the Court finds the legal and factual issues require more time, skill, and effort than would be expended in an average case. *See United States v. Baca*, Case No. 16-cr-1613, 2016 WL 6404772 (D.N.M. Oct. 20, 2016) (declaring case complex due to "massive amounts of discovery, the timeframe from which the discovery relates, and the high number of overt acts" and presence of twelve defendants, three of whom were death-eligible).

Accordingly, it is ORDERED that this case be designated complex.

IT IS SO ORDERED.

Dated: August 18, 2017  　　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2017.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager