UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-20184

v.                                   Judith E. Levy
                                   United States District Judge

Corey Toney (D-1),

                                   Mona K. Majzoub
              Defendant.      Magistrate Judge

_____/

## ORDER DENYING DEFENDANT COREY TONEY'S MOTION FOR COMPASSIONATE RELEASE [583]

Before the Court is Defendant's request for compassionate release from FCI McKean due to the ongoing COVID-19 pandemic. (ECF No. 583.) For the following reasons, Defendant's motion is DENIED.

**Background**

On February 26, 2019, Defendant pled guilty to one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 226.) The Court subsequently sentenced Defendant to 90 months' imprisonment. (ECF No. 253.)

On March 3, 2021, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to him by the COVID-19 pandemic due to his obesity, diabetes, collapsed lung, and mental health conditions constitutes an "extraordinary and compelling reason" for release. (ECF No. 583, PageID.8859-8860.) The United States responded in opposition to the motion on March 18, 2021. (ECF No. 589.) In addition to their legal filing, the United States provided a copy of Defendant's current medical records and a copy of a vaccine consent form indicating that, after being provided a copy of the COVID-19 Vaccine Emergency Use Authorization Fact, Defendant declined to receive the first dose of the Pfizer COVID-19 vaccine on February 2, 2021. (ECF No. 590.)

**Analysis**

Compassionate-release motions require a "three-step" inquiry:

First, the Court must "find that extraordinary and compelling reasons warrant a sentence reduction";

Second, the Court must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and

Finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements are met, the district court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)." *Id.*

The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release.[1] Courts in this circuit have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. *See, e.g.*, *United States v. Goston*, No. 15-20694 (E.D. Mich. Mar. 9, 2021) (Levy, J.); *United States v. Macgregor*, No. 15-20093 (E.D. Mich. Mar. 12, 2021) (Leitman, J.); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.). Additionally, the Centers for Disease Control and Prevention advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not

---

[1] The Court additionally notes that, even were the vaccine unavailable to Defendant, the Court would deny this motion on the basis that there is no evidence of extraordinary and compelling medical circumstances warranting relief. Defendant's Bureau of Prison medical records demonstrate that, as of February 1, 2021, his body-mass index was 26.17, which is not within a range flagged by the Centers for Disease Control and Prevention as a confirmed high risk. (*See* ECF No. 590-3, PageID.9068.) Nor do the BOP medical records support Defendant's allegations of respiratory issues.

previously contracted COVID-19, and "[e]fficacy [i]s similarly high in a secondary analysis including participants [with] evidence of previous SARS-CoV-2 infection." *The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-19 Vaccine—United States, December 2020*, Centers for Disease Control (Jan. 28, 2021) https://www.cdc.gov/mmwr/volumes/69/wr/mm6950e2.htm?s_cid=mm6950e2_w.

Because there are no extraordinary and compelling reasons for release, the Court need not consider Defendant's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: March 29, 2021         s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2021.

                                                       <u>s/William Barkholz</u>

                                                       WILLIAM BARKHOLZ

                                                       Case Manager